

**BALTIMORE HOUSING**

STEPHANIE
RAWLINGS-BLAKE
Mayor

PAUL T. GRAZIANO
Executive Director, HABC
Commissioner, HCD

May 2, 2012

**VIA E-MAIL AND U.S. MAIL DELIVERY**
Daniel Bythewood
President
Poppleton Development I, LLC
c/o La Cite Development
237 W. 35th Street, 4th Floor
New York, NY 10001

Re: Poppleton Redevelopment Project – Notice of Default

Dear Mr. Bythewood:

Reference is hereby made to that certain Land Disposition and Development Agreement (the "LDDA"), by and between the Mayor and City Council of Baltimore (the "City"), acting by and through the Department of Housing and Community Development (the "Department") and Poppleton Development I, LLC ("the Developer"), and approved by the Board of Estimates on September 27, 2006, and to the Declaration of Extension of Settlement Date (the "Extension") executed on December 30, 2011.

Per the terms of Section 1.9 of the LDDA, the City informed the Developer on July 2, 2010 that the acquisition of Phase I was complete. The settlement for the acquisition of all property in Phase I was thereby required to take place no later than 18 months after this date, or January 2, 2012. The settlement date for Phase I was extended in accordance with Section 3.18 of the LDDA in order to effectuate the successful redevelopment of the Poppleton neighborhood. The Extension set the deadline for settlement of all properties in Phase I as May 1, 2012.

Section 1.17(a) of the LDDA states as a precedent to closing that "the Developer furnish evidence satisfactory to the Department that the Developer has the equity capital and/or commitments for the mortgage financing or other capitalization adequate for the construction of the Improvements." This evidence was not provided prior to the closing deadline. Per the terms of Section 1.9 of the LDDA, failure to satisfy the conditions identified in Section 1.7 and proceed to Closing within the specified timeframe constitutes an event of default on behalf of the Developer for Phase I of the project.

This default falls within the parameters of Section 7.4 of the LDDA, "Failure of Developer to Cure Specific Default Prior to Conveyance". Per the terms of this section, the condition of default must be cured by the Developer within sixty (60) days of this notice (the "Cure Date"). In the event that the default is not cured within this time period, the City will terminate the LDDA in addition to any other remedies allowable to the City under the LDDA. Because the defaulting Party is the Poppleton Development I, LLC, under Section 7.4 of the LDDA "the City



Exhibit 2 to Verified Complaint

Daniel Bythewood
Poppleton Development I, LLC
c/o La Cite Development
May 2, 2012
Page 2

may terminate this Agreement with respect to any Phase or subphase the rights to which has not been assigned or conveyed to any other party." It is the intention of the City to terminate the LDDA with respect to all Phases of the project if the default condition for Phase I is not cured by the Cure Date.

Sincerely,

Paul T. Graziano
Commissioner