From: Hitchcock, Claude Edward <CHITCHCOCK@gfrlaw.com>
To: Frank, Andrew
Cc: dbythewood@lacitedevelopment.com <dbythewood@lacitedevelopment.com>; Lee, John Y. <jlee@gfrlaw.com>
Sent: Tue May 20 17:18:33 2008
Subject: FW: Poppleton/St. Mary's Church

Please read the below e-mail. Once you opined to me that the developer has been "too patient" with the City process designed to acquire the property necessary to start phase I of this project. This church matter now threatens to derail this enormous project. At our last meeting with the Commissioner and his staff, I suggested that they talk directly to the minister, an action that they can take as non-lawyers. This may result in information that could lead to resolving this matter with out this convoluted intellectual exercise which only benefits lawyers. I have not received any information of their decision in this regard. Andy I cannot believe that a generous offer to this minister that will allow him to relocate to a better facility cannot be worked out. If it is left in the hands of "public interest lawyers" new law may be made that will further frustrate the City's desire to move more quickly and serve as law school case studies. Andy, PLEASE, the volume only this matter must be pumped up-- WAY UP to avoid further and, maybe, fatal delays!

Exhibit 8 to Verified Complaint

From: Lee, John Y.
Sent: Tuesday, May 20, 2008 4:57 PM
To: Hitchcock, Claude Edward
Subject: Poppleton/St. Mary's Church

Ed, below is the email I drafted. Let me know if you would like me to add anything. Also, please keep in mind that if you forward this to anyone but Dan, we waive attorney/client privilege.

Ed, on May 19, 2008, I attended the hearing on the motion to dismiss in the condemnation action against St. Mary's Church initiated by the City.

At the hearing, Judge Welch and John Murphy again pushed consolidation of the condemnation action with the Petition for Judicial Review scheduled for October 3, 2008. Furthermore, Andrew Bailey of the City Solicitor's office suggested that regardless of what occurred with respect to the motion to dismiss, the condemnation proceeding would likely not go to trial before the beginning of 2009. In light of this, consolidation actually became the more attractive option and the parties agreed to stipulate to consolidation subject to various terms.

Pursuant to the stipulation, the condemnation would be consolidated with the petition for judicial review and all legal issues would be resolved at that hearing on October 3. Subject to determination of the City's right to take by the court, the condemnation suit would then proceed to trial on the issue of fair market value on November 17, 2008.

Since that time, Elva Tillman has forwarded me a copy of the stipulation and requested that we sign it. If you would like to see a copy of it, I can send to you for your review.

In my view, at least part of the unfortunate delay in proceeding with the condemnation action is a product of the City's inactivity during the months following passage of the the various ordinances authorizing the project. Given the complexity of this case and the profound legal issues implicated by attempting to condemn a church, this situation should have been anticipated by the City and should have been accounted for in the City's plan of action. Condemnation proceedings should have been initiated immediately to ensure that the properties would be delivered in a timely manner so as not to derail the entire project.

At this point, in order to move forward in the most expeditious manner possible and to remedy the situation created by the City's inactivity, the City should attempt to resolve this dispute with St. Mary's Church. There is no other remedy to the problems created by the City's delay as the condemnation action will not go forward until October 3, well after the time at which the City promised the property. As part of this effort, before moving forward with the condemnation proceedings, it should be determined what the Church hopes to achieve and whether the Church is willing to entertain a settlement with the City. Such resolution is vital to continuation of the project as scheduled.

John Y. Lee, Esq.
Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, MD 21202
Direct: 410-576-4197
Fax: 410-576-4269
www.gfrlaw.com <http://www.gfrlaw.com/>

...Providing a Legal Advantage to People Doing Business in Maryland