UNITED STATES DISTRICT COURT
FOR DISTRICT OF MARYLAND

POPPLETON DEVELOPMENT I, LLC, :

        Plaintiff,    :    CASE NO.: 12-01904 WDQ

        :

THE MAYOR AND CITY COUNCIL   :
OF BALTIMORE, et al.,

        :

        Defendants.

**OPPOSITION TO THE MOTION FOR A TEMPORARY RESTRAINING ORDER**

Defendants Mayor and City Council of Baltimore, Department of Housing and Community Development and Paul Graziano, Commissioner (collectively referred to as the "City") by their undersigned counsel pursuant Fed. R. Civ. P. 65(b) submits this opposition to the motion for a temporary restraining order ("TRO") filed by the Plaintiff Poppleton Development I, LLC ("Developer").

**INTRODUCTION**

This Court continued the TRO hearing on June 28, 2012, until Friday, July 13, 2012. The Developer seeks injunctive relief to preclude the City from terminating of the Land Disposition and Development Agreement [Poppleton Development Project] dated September 27, 2006, ("LDDA") between the City and Developer. Although the Developer never issued a notice of default to the City and did not raise any objections to the City's title to the Phase I properties, the Developer seeks to prevent the termination of the LDDA by asserting resolved title defects in the City's ownership of the Phase I properties, failures to fulfill conditions of closing and blaming the City for the

1

Developer's failure to present evidence satisfactory to the City that the Developer has equity capital and/or commitments for mortgage financing or other capitalization adequate for the construction of the structures, landscaping and utilities for the project.

**STATEMENT OF FACTS**

On July 2, 2010, the City, pursuant to ¶ 1.9 of the LDDA, issued a written notice to the Developer that "the City has acquired title to all of the Properties" in Phase I of the project. **Exhibit 17 Letter of Paul Graziano to Daniel Bythewood dated July 2, 2010.**

Of the 173 properties acquired in Phase I, the Developer disputes the City's title in the following five (5) properties:

> 215 N. Schroeder Street title acquired 10/26/09
>
> 237 N. Schroeder Street title acquired 4/10/90
>
> 931 W. Saratoga Street title acquired 6/22/10
>
> 941 W. Saratoga Street title acquired 6/22/10
>
> 940 W. Lexington Street title acquired 5/13/10

The Developer's disputes that the City acquired all of the Phase I properties as of July 2, 2012, because of five (5) ground rents, which are now extinguished. The Phase I properties whose ground rents were extinguished are:

> 215 N. Schroeder Street
> SDAT issued a ground rent redemption certificate on 6/23/10;
>
> 237 N. Schroeder Street
> Ground rent condemnation Inquisition entered on 9/16/10;
>
> 931 W. Saratoga Street
> SDAT issued a ground rent redemption certificate on 5/20/11;

2

>941 W. Saratoga Street
>SDAT issued a ground rent redemption certificate on 4/19/11;

>940 W. Lexington Street ground rent purchased from owner 7/31/10.

On April 23, 2012, the Developer denied for the first time that the City had acquired all of the properties in Phase I. **Exhibit 31 Letter of Zoller to Engel dated 4/23/12.** The Developer identified the following three properties as unacquired: 900, 902 & 952 West Saratoga Street. These properties are part of Phase IV, not Phase I. There is no requirement in the LDDA that all Phase IV (block 157) properties be acquired by the City in order for the City to give the Developer notice to close on Phase I properties. Further, the City has acquired 952 W. Saratoga Street and extinguished its ground rent.

Because the Developer was unable to settle on the conveyance of the Phase I properties on or before January 2, 2012, within the time period provided of the under LDDA ¶1.9, the City extended the Developer's date of settlement under LDDA ¶ 3.18 until on or before May 1, 2012. **Exhibit 24 Extension Agreement dated December 30, 2011.**

Because the Developer's was unable to present evidence satisfactory to the City that the Developer has equity capital and/or commitments for mortgage financing or other capitalization adequate for the construction of the structures, landscaping and utilities for the project on or before May 2, 2012, the City issued a notice of default under LDDA ¶ 1.9 for the Developer's failure to satisfy LDDA ¶ 1.7(a) which is a condition precedent to settlement. **Exhibit 35 Notice of Default letter from Paul T. Graziano to Daniel Bythewood dated May 2, 2012.**

**ARGUMENT**

**I.  PLAINTIFF IS NOT ENTITLED TO A TEMPORARY RESTRAINING ORDER.**

    **A.  Plaintiff cannot make a clear showing that it is likely to succeed on the merits at trial.**

Developer has not furnished evidence satisfactory to HCD that Developer has equity capital and/or commitments for mortgage financing or other capitalization adequate for the construction of the Improvements. Under LDDA ¶ 1.9, the Developer's financing condition in LDDA ¶1.7(a) is a condition precedent to go to closing within 18 months of the notice of acquisition. Failure to meet this condition precedent "shall be considered an event of default." LDDA ¶ 1.9.

The objective absence of sufficient financing for the project prevents the Developer from being successful on merits of its claim. The standard for awarding preliminary injunctive relief is governed by *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *See The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 351-52 (4th Cir. 2009), vacated on other grounds, ___U.S. ___, 130 S. Ct. 2371, 176 L. Ed. 2d 764 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam) (holding that Real Truth had not carried its burden of showing a likelihood of success, as well as showing the other requirements for a preliminary injunction).

4

The Fourth Circuit holds that a party seeking the preliminary injunction must demonstrate by "a *clear showing* that it is *likely* to succeed at trial on the merits." *Real Truth About Obama*, 575 F.3d at 351 (emphasis in original). The plaintiff bears a "heavy burden in showing its likelihood of success" where the area of the law at issue is "difficult and complicated" and "still developing." *Real Truth About Obama*, 575 F.3d at 349. "The sufficiency of factual evidence may be a factor in determining likelihood of success on the merits." *Allstate Ins. Co. v. Warns*, 2012 U.S. Dist. LEXIS 26174 (D. Md. Feb. 29, 2012).

Under ¶ 1.2(a) of the LDDA, the City's duty to acquire title to property is separate from its duty to redeem ground rent. Under LDDA ¶ 1.9, the "City shall give written notice to the Developer when the City has acquired title to all of the Properties in each Phase." Acquisition of title to the property is treated separately from the City's redemption of ground rents. *See* LDDA ¶ 1.2(a) ("In addition, the City will take all necessary steps to redeem or eliminate ground rents on all Properties"). When the City redeems the ground rent interests, they are extinguished and merge into the City's title. The LDDA does not use the term "fee simple" title as suggested by the Developer. In fact, the Developer is required to go to closing if "the City is able to convey all of the properties in such Phase." LDDA ¶ 1.9. The City was able to convey all of the properties in Phase I on July 2, 2010, even though four ground rents were not extinguished. The ground rents merge into the City's title when they are redeemed. Since the City redeemed all of the ground rents on all of the properties in Phase I prior to any closing, the Developer's objection is hypothetical. The Developer failed to give the City notice of a

5

title defect under LDDA ¶ 1.3(b) and only raised this ground rent issue after the ground rents were extinguished.

The Developer's reading of the LDDA to require the City to hold fee simple title to all properties at the time of the notice of acquisition is inconsistent with the Developer's obligation to close the sale of the properties when the City can convey them, even over unredeemed ground rents. Since the City's interpretation of the LDDA to permit the notice of acquisition of properties in Phase I even though there were some unextinguished ground rents is neither unreasonable nor arbitrary, the City's interpretation of the LDDA is final and binding on the Developer. *See* LDDA ¶ 9.6 ("Any question regarding the meaning of any of the…provisions contained in this agreement…the interpretation placed thereon by the Department shall be final and binding on the parties hereto; provided, that any such interpretation shall not be unreasonable or arbitrary.").

Even if the Developer's financing letters were evidence that the Developer has equity capital and/or commitments for mortgage financing or other capitalization adequate for the construction of the Improvements as required under LDDA ¶1.7(a), the amounts stated in the letters are insufficient to fund the $135 million cost of all of the Phase I improvements. Because the Developer cannot demonstrate a likelihood of success on the merits, this Court need examine the other factors for injunctive relief. *See Dewhurst v. Century Aluminum Co.*, 731 F. Supp. 2d 506, 521 n.23 (S.D. W.Va. 2010), aff'd, 649 F.3d 287 (4th Cir. 2011) (Where a plaintiff has not met her burden of

demonstrating likelihood of success on the merits, the court "need not reach the merits of the parties' arguments concerning the remaining three Obama factors.").

### B. The Developer is unlikely to suffer irreparable harm in the absence of injunctive relief.

The Developer's claim for monetary damages is the type of remedy that is available at law. Monetary damages are not irreparable harm. *See Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1507 (D.C. Cir. 1995) ("economic losses are not considered irreparable."). The other types of harms identified by the Developer do not amount to irreparable harm because they are remote and speculative. *See Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. Md. 1991) (The plaintiff must make a "clear showing of irreparable harm . . . and the required irreparable harm must be neither remote nor speculative, but actual and imminent."). The potential loss of earnings and revenues from a completed project that might be sustained by the Developer are remote and speculative. The Developer's claimed loss of contractor and sub-contractor construction jobs is speculative. The Developer's claimed "reputational damages" do not constitute irreparable harm. *See Virginia Carolina Tools, Inc. v. Int'l Tool Supply, Inc.*, 984 F.2d 113, 120 (4th Cir. 1993) (upholding a district court finding that "expenses incurred in…injury to reputation, loss of profits" and other "highly speculative and largely economic injuries" were not irreparable harm).

### C. The balance of equities favors the City.

Without a termination of LDDA, the City is unable to engage in conversations other stakeholders in the communities adjacent to the Phase I project area, which have

7

substantial interests in the prompt and successful redevelopment of the area. Since the Developer has the exclusive right to redevelop project area under the LDDA, the City cannot communicate with interested parties in order to gauge the interest in the project area.

Without the termination of the LDDA, the City is unable to begin the process of preparing a new Request for Proposals ("RFP") for the project. Preparation and issuance of an RFP takes 3-4 months. Selection of a new developer will take another 3-4 months. Delaying the termination of the LDDA delays the start of the 6 to 8 month time period required to procure a new a developer for the Poppleton project. Even if the City is able to terminate the LDDA, the Developer's pending injunction proceeding itself harms the City's ability to find new investors for the project because the proceeding amounts to a cloud on title.

Lastly, the Developer is not prejudiced by the termination of the LDDA because if Court rules in its favor, the termination of the LDDA can be invalidated and the Developer reinstated. The Developer's harm is theoretical while the harm to the City is practical and substantial. *See Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987) (the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.")

### D.   An injunction in favor of the Developer harms the public interest.

The grant of injunctive relief to the Developer will cause economic harm to the City by delaying the eventual redevelopment of the Poppleton area. *See Nat'l Audubon*

*Soc'y v. Dep't of Navy*, 422 F.3d 174, 201 (4th Cir. 2005) ("In granting injunctive relief, a court must also pay particular regard for the public consequences of employing the extraordinary remedy of injunction. Where the harms of a particular injunctive remedy outweigh the benefits, a court may decline to adopt it.").

The City has invested $10.1 million dollars for the acquisition of all of the Phase I properties as well as the demolition of all structures. The City has closed the streets and alleys necessary for construction and performed environmental remediation. As a direct result of the Developer's inability to obtain financing and close the sale of the land, the City continues to incur carrying costs for upkeep of land including repeatedly clearing the land of debris from illegal dumping. Since the City relocated all of the residents from the area and demolished the properties, the City continues to suffer a loss of property tax revenues that would have been generated from the residents. More significantly, the undeveloped land infects the neighborhood with urban blight and damages the adjacent communities because of the uncertain future of the Poppleton redevelopment.

**CONCLUSION**

Defendants request that the Plaintiff request for injunctive relief be denied.

Respectfully submitted,

Steven J. Potter bar #08841
City Law Department
100 Holliday Street, LL 05
Baltimore, MD. 21202
(410) 396-3945
Fax (410) 547-1025
Steven.potter@baltimorecity.gov
Attorneys for Defendants