UNITED STATES DISTRICT COURT
FOR DISTRICT OF MARYLAND

POPPLETON DEVELOPMENT I, LLC, :

        Plaintiff,        :      CASE NO.: RDB-12-01904

:

THE MAYOR AND CITY COUNCIL  :
OF BALTIMORE, et al.,

:

        Defendants.

## ANSWER

Defendant the Mayor and City Council of Baltimore ("City"), a Maryland municipal corporation, by its undersigned counsel pursuant Fed. R. Civ. P. 8(b) answers the complaint filed by the Plaintiff Poppleton Development I, LLC ("Plaintiff") and states:

### General Denial

Defendant generally denies liability under counts I, II and III of the complaint, but does not deny jurisdictional grounds.

### Specific Denials

1.    Defendant admits the allegations contained in paragraph no. 1.

2.    Defendant admits that it issued a Request for Qualifications as a result of which the parties entered into the Land Disposition and Development Agreement ("LDDA") which was approved by the Board of Estimates on September 27, 2006, but denies the remainder of the allegations in paragraph no. 2.

3. Defendant under Fed. R. Civ. P. 8(b)(5) "lacks knowledge or information sufficient to form a belief about the truth of the allegations" contained in ¶ 3.

4. Defendant admits that Mr. Stern has expressed interest in the Plaintiff's development, but "lacks knowledge or information sufficient to form a belief about the truth of the" remainder of the allegations contained in ¶ 4.

5. Defendant under Fed. R. Civ. P. 8(b)(5) "lacks knowledge or information sufficient to form a belief about the truth of the allegations" contained in ¶ 5.

6. Defendant under Fed. R. Civ. P. 8(b)(5) "lacks knowledge or information sufficient to form a belief about the truth of the allegations" contained in ¶ 6.

7. Defendant under Fed. R. Civ. P. 8(b)(5) "lacks knowledge or information sufficient to form a belief about the truth of the allegations" contained in ¶ 7.

8. Defendant under Fed. R. Civ. P. 8(b)(5) "lacks knowledge or information sufficient to form a belief about the truth of the allegations" contained in ¶ 8.

9. Defendant denies the allegations contained in ¶ 9.

10. Defendant admits that the Plaintiff is required to provide evidence of financing satisfactory to the City that the Plaintiff has equity capital and/or commitments for the mortgage financing or other capitalization adequate for the construction of the project, but denies the remainder of the allegations contained in ¶ 10.

11. Defendant denies the allegations contained in ¶ 11.

12. Defendant denies the allegations contained in ¶ 12.

13. Defendant denies the allegations contained in ¶ 13.

14. Defendant denies the allegations contained in ¶ 14.

15. Defendant under Fed. R. Civ. P. 8(b)(5) "lacks knowledge or information sufficient to form a belief about the truth of the allegations" contained in ¶ 15.

16. Defendant admits the allegations contained in ¶ 16.

17. Defendant admits the allegations contained in ¶ 17.

18. Defendant under Fed. R. Civ. P. 8(b)(5) "lacks knowledge or information sufficient to form a belief about the truth of the allegations" contained in ¶ 18.

19. Defendant under Fed. R. Civ. P. 8(b)(5) "lacks knowledge or information sufficient to form a belief about the truth of the allegations" contained in ¶ 19.

20. Defendant admits the allegations contained in ¶ 20.

21. Defendant admits the allegations contained in ¶ 21.

22. Defendant admits the allegations contained in ¶ 22.

23. Defendant admits the allegations contained in ¶ 23.

24. Defendant admits the allegations contained in ¶ 24.

25. Defendant admits the allegations contained in ¶ 25.

26. Defendant admits the allegations contained in ¶ 26 and admits that the attachments contain the information that they appear to contain.

27. Defendant admits the allegations contained in ¶ 27 and admits that the attachments contain the information that they appear to contain.

28. Defendant denies the allegation that the City would acquire "all of the properties" and "convey them to the developer with clear title," but the remainder of the allegations contained in ¶ 28 and admits that the attachments contain the information that they appear to contain.

29.   Defendant admits that the Defendant was awarded the project, but denies the remainder of the allegations contained in ¶ 29.

30.   Defendant admits the allegations contained in ¶ 30, admits that the attachments contain the information that they appear to contain, but denies the implication the Memorandum was part of the LDDA.

31.   Defendant admits that the attachments quoted in ¶ 31 contain the information that they appear to contain.

32.   Defendant admits that the attachments quoted in ¶ 32 contain the information that they appear to contain.

33.   Defendant admits that the attachments quoted in ¶ 33 contain the information that they appear to contain.

34.   Defendant admits that the attachments quoted in ¶ 34 contain the information that they appear to contain, but denies: (1) the allegation that properties in Block 157 were part of Subphase IA and (2) allegation that the City has not "given proper notice of same to Poppleton I."

35.   Defendant admits that the attachments quoted in ¶ 35 contain the information that they appear to contain.

36.   Defendant admits that the attachments quoted in ¶ 36 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 36.

37.   Defendant admits that the attachments quoted in ¶ 37 contain the information that they appear to contain.

38. Defendant admits that the attachments quoted in ¶ 38 contain the information that they appear to contain.

39. Defendant admits that the attachments quoted in ¶ 39 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 39.

40. Defendant admits that the attachments quoted in ¶ 40 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 40.

41. Defendant denies the allegations contained in ¶ 41.

42. Defendant denies the allegations contained in ¶ 42.

43. Defendant admits that it has not acquired 900 & 902 West Saratoga Street, but denies the allegations contained in ¶ 43.

44. Defendant denies the allegations contained in ¶ 44 as its clearing obligations were to be completed "prior to closing."

45. Defendant admits that the attachments quoted in ¶ 40 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 45.

46. Defendant denies the allegations contained in ¶ 46 as its clearing obligations were to be completed "prior to closing."

47. Defendant denies the allegations contained in ¶ 47 as its clearing obligations were to be completed "prior to closing," but admits that the attachments referred to in ¶ 47 contain the information that they appear to contain.

48. Defendant denies the allegations contained in ¶ 48.

49. Defendant admits that it provided an extension of time to the Plaintiff, but denies the remainder of the allegations contained in ¶ 49.

50. Defendant admits that the attachments quoted in ¶ 50 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 50.

51. Defendant denies the allegations contained in ¶ 51.

52. Defendant admits that the attachments quoted in ¶ 52 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 52.

53. Defendant denies the allegations contained in ¶ 53.

54. Defendant admits that a meeting occurred, but denies the remainder of the allegations contained in ¶ 54.

55. Defendant admits the allegations contained in ¶ 55.

56. Defendant admits that the Plaintiff applied for a loan through the HUD 220 program, but denies the remainder of the allegations contained in ¶ 56.

57. Defendant admits that the Plaintiff attended a meeting concerning its application for a loan through the HUD 220 program, but denies the remainder of the allegations contained in ¶ 57.

58. Defendant admits that it has the obligations contained in ¶ 2.8 of the LDDA, but denies the allegations contained in ¶ 58.

59. Defendant admits that the attachments quoted in ¶ 59 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 59.

60. Defendant admits the allegations contained in ¶ 60.

61. Defendant admits that the attachments quoted in ¶ 61 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 61.

62. Defendant admits that the attachments quoted in ¶ 62 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 62.

63. Defendant denies the allegations contained in ¶ 63.

64. Defendant admits that the attachments quoted in ¶ 64 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 64.

65. Defendant admits that the attachments quoted in ¶ 65 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 65.

66. Defendant admits that the attachments quoted in ¶ 66 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 66.

67. Defendant admits the allegations contained in ¶ 67.

68. Defendant denies the allegations contained in ¶ 68.

69. Defendant admits that the attachments quoted in ¶ 69 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 69.

70. Defendant admits that the attachments quoted in ¶ 70 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 70.

71. Defendant admits that the attachments quoted in ¶ 71 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 71.

72. Defendant admits the timeline described by the Plaintiff in ¶ 72, but denies the conclusions drawn and the remainder of the allegations made by the Plaintiff in ¶ 72.

73. Defendant denies the allegations contained in ¶ 73.

74. Defendant denies the allegations contained in ¶ 74.

75. Defendant denies the allegations contained in ¶ 75.

76. Defendant denies the allegations contained in ¶ 76.

77. Defendant denies the allegations contained in ¶ 77.

78. Defendant admits that the attachments quoted in ¶ 78 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 78.

79. Defendant admits that the attachments quoted in ¶ 78 contain the information that they appear to contain, but denies the remainder of the allegations contained in ¶ 79.

80. Defendant admits that the attachments quoted in ¶ 80 contain the information that they appear to contain.

81. Defendant admits the allegations contained in ¶ 81.

82. Defendant denies the allegations contained in ¶ 82.

83. Defendant denies the allegations contained in ¶ 83.

84. Defendant under Fed. R. Civ. P. 8(b)(5) "lacks knowledge or information sufficient to form a belief about the truth of the allegations" contained in ¶ 84.

85. Defendant under Fed. R. Civ. P. 8(b)(5) "lacks knowledge or information sufficient to form a belief about the truth of the allegations" contained in ¶ 85.

86. Defendant denies the factual allegations incorporated in ¶ 86.

87. Defendant admits the allegations contained in ¶ 87.

88. Defendant admits the allegations contained in ¶ 88.

89. Defendant denies the allegations contained in ¶ 89.

90. Defendant denies the allegations contained in ¶ 90.

91. Defendant denies the allegations contained in ¶ 91.

92. Defendant denies the allegations contained in ¶ 92.

93. Defendant admits that the allegations contained in ¶ 93 that the Plaintiff claims that it is ready, willing and able to close on Phase I, but the Plaintiff is unable to comply with its obligations under ¶ 1.7(a) of the LDDA which are an express condition precedent to closing.

94. Defendant admits the allegations contained in ¶ 94 that it has not agreed to close on the sale of Phase I with the Plaintiff because the Plaintiff is unable to comply with its obligations under ¶ 1.7(a) of the LDDA which are an express condition precedent to closing and denies the remainder of the allegations contained in ¶ 94.

95. Defendant denies the allegations contained in ¶ 95.

96. Defendant denies the allegations contained in ¶ 96.

97. Defendant denies the factual allegations incorporated in ¶ 97.

98. Defendant admits the allegations contained in ¶ 98.

99. Defendant admits the allegations contained in ¶ 99.

100. Defendant denies the allegations contained in ¶ 100.

101. Defendant denies the allegations contained in ¶ 101.

102. Defendant admits the allegations contained in ¶ 102.

103. Defendant admits the allegations contained in ¶ 103.

104. Defendant denies the factual allegations incorporated in ¶ 104.

105. Defendant denies the allegations contained in ¶ 105.

106. Defendant denies the allegations contained in ¶ 106.

107. Defendant denies the allegations contained in ¶ 107.

108. Defendant denies the allegations contained in ¶ 108.

## Affirmative Defenses

109. The City asserts the affirmative defense of estoppel.

110. The City asserts the affirmative defense of laches.

111. The City asserts the affirmative defense of statute of frauds.

112. The City asserts the affirmative defense of waiver.

WHEREFORE, Defendant the Mayor and City Council of Baltimore request that the Court dismiss this action.

Respectfully submitted,

*/s/ Steven J. Potter*

Steven J. Potter (Fed. Bar No. 08841)
Matthew Nayden (Fed. Bar No. 04751)
City Law Department
100 Holliday Street, LL 05
Baltimore, MD. 21202
(410) 396-3945
Fax (410) 547-1025
Steven.potter@baltimorecity.gov
Attorneys for Defendants Baltimore City Department of Housing and Community Development and Paul T. Graziano, Commissioner

## Certificate of Service

I HEREBY CERTIFY that on this _16_ day of July 2012, that the service required by Fed. R. Civ. P. 5(a) of the foregoing answer has been made by filing the document electronically.

*/s/ Steven J. Potter*